## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**PHILLIP ROBINSON, II**

    **Plaintiff,**

**v.**
                          **CASE NO.:**

**FEDEX FREIGHT, INC. and BIG C FREIGHT, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Phillip Robinson, by and through undersigned counsel, brings this action against Defendant FedEx Freight ("FedEx") and Defendant, Big C Freight, Inc. ("Big C"), and in support states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. over the FLSA claims and pendant jurisdiction over Plaintiff's state law claims.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida.

5. Defendant FedEx Freight ("FedEx") operates a shipping and delivery business in Orlando, in Orange County, Florida.

6. Defendant Big C Freight ("Big C") is a foreign for profit corporation, with a principal business address in Lake Park, GA. Big C operates a freight shipping and trucking company operating in Ocala and throughout Florida.

7. FedEx is one of America's largest freight delivery companies. Big C Freight is a Line haul contractor of FedEx and operates numerous delivery teams throughout Florida.

8. Defendants are "joint employers" under the FLSA by virtue of the rigorous control FedEx exercises over its freight deliveries and the delivery drivers. Corporate FedEx exercises control over almost all aspects of the freight delivery operations, including, but not limited to, the job, the freight available to the drivers, the painting and decal of the trucks, and providing the FedEx Ground owned trailers.

## GENERAL ALLEGATIONS

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

12. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

13. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

14. At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. Defendants continue to be an "employer" within the meaning of the FLSA.

16. At all times material hereto, Defendant Big C was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

17. At all times material hereto, Defendant FedEx was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

18. At all times relevant to this action, the annual gross sales volume of Defendant Big C exceeded $500,000 per year.

19. At all times relevant to this action, the annual gross sales volume of Defendant FedEx exceeded $500,000 per year.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## FACTS

21. Plaintiff began working for Defendant as a Driver in February 2019, and he worked in this capacity until August 2019.

22. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid at least the applicable federal minimum wage for all of the hours that he worked.

23. At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid at least the applicable State of Florida minimum wage for all of the hours that he worked, in accordance with the Florida State Constitution and the FMWA.

24. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

25. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

26. Defendants required Plaintiff to travel to make deliveries in states other than Florida and would not pay Plaintiff for all of the hours worked by Plaintiff.

27. Defendant Big C's actions were willful, and showed reckless disregard for the provisions of the FLSA.

28. Defendant FedEx's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

29. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

30. During the statutory period, Plaintiff worked for Defendants, and he was not paid the applicable minimum wage for the hours that he worked, as mandated by the FLSA.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

32. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## COUNT II – FLSA OVERTIME VIOLATION

33. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

34. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

35. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

36. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants stating that Defendant's violations of the FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

      g)      For such further relief as this Court deems just and equitable.

## COUNT III – FLORIDA MINIMUM WAGE ACT

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

38. Plaintiff has exhausted all of his administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically, Plaintiff has notified Defendants of the deficiency in his wages in writing. In this written notice, Plaintiff identified the applicable State minimum wage at issue, provided actual dates and hours or accurate estimates of all of the periods for which minimum wage payment is sought, and listed the total amount of his alleged unpaid wages through the date of the notice.

39. During the statutory period, Defendants did not pay Plaintiff the applicable Florida minimum wage, as Defendants were required to do under Section 24, Article X of the Florida Constitution as well as the FMWA.

40. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

      a)      A jury trial for all issues so triable;

      b)      That process issue and that this Court assert jurisdiction over these claims;

      c)      Judgment against Defendants for an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

    d)    Judgment against Defendants, stating that its violations of the FMWA were willful;

    e)    Liquidated damages in an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

    f)    To the extent that liquidated damages are not awarded, an award of prejudgment interest;

    g)    A declaration that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    h)    All costs and attorneys' fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 3rd day of February, 2020.

    Respectfully submitted,

    /s/ Brandon J. Hill
    **BRANDON J. HILL**
    Florida Bar Number: 0037061
    Direct Dial: 813-337-7992
    **AMANDA E. HEYSTEK**
    Florida Bar Number: 0285020
    Direct Dial: 813-379-2560
    **WENZEL FENTON CABASSA, P.A.**
    1110 N. Florida Avenue, Suite 300
    Tampa, Florida 33602
    Main Number: 813-224-0431
    Facsimile: 813-229-8712

        Email: bhill@wfclaw.com
        Email: aheystek@wfclaw.com
        Email: jcornell@wfclaw.com
        Email: rcooke@wfclaw.com

**Attorneys for Plaintiff**